```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
UNITED STATES OF AMERICA
                                *
     v.                             CRIMINAL NO.:  WDQ-09-0408
                                *
     WADE GAYLE
                                *
          Defendant.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

On July 23, 2009, the grand jury indicted Wade Gayle for being a felon in possession of a firearm. Pending is Gayle's motion to suppress tangible evidence, derivative evidence and statements. The motion was heard on October 5, 2009. For the following reasons--and those inferable from the Court's colloquy with counsel--the motion was denied.

I. Background

On January 4, 2009, around 10:30p.m., two Baltimore City Police detectives saw a Mercedes Benz blocking the intersection at West Mosher Street and North Carrollton Avenue in Baltimore, Maryland. Test. of Det. William Bearde. The detectives approached the car to investigate why it was stopped in the intersection. *Id*. Detective Brian Shutt approached the passenger side and saw a man, later identified as Wade Gayle, with a gun at his waistband. Testimony of Det. Brian Shutt.

Upon his request, Gayle got out of the car and placed his hands on his head. *Id*.  The detective removed the gun from Gayle's waistband, and a struggle began in which Gayle broke free and fled. *Id*.  After a short foot pursuit, Detective Bearde apprehended Gayle and placed him under arrest; Gayle then blurted out "I have it for protection."  Testimony of Det. Bearde.

II. Discussion

    A.   Motion to Suppress Tangible and Derivative Evidence

        1.   The Vehicle Stop did not Violate the Fourth Amendment

"[W]hen an officer observes a traffic offense or other unlawful conduct, he or she is justified in stopping the vehicle under the Fourth Amendment."  *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993).  The Fourth Circuit has further indicated that,

> [w]hen an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle . . . . [T]his otherwise valid stop does not become unreasonable merely because the officer has intuitive suspicions that the occupants of the car are engaged in some sort of criminal activity . . . . [T]hat stop remains valid even if the officer would have ignored the traffic violation but for his other suspicions.

*Id*. at 730 (*quoting United States v. Cummins*, 920 F.2d 498, 500-01 (8th Cir. 1990)).

Under Maryland law, a person may not stop, stand, or park a vehicle in an intersection.  *See* Md. Code Ann., Transp., § 21-1003(d).  Because the Baltimore Police Department detectives observed the Mercedes stopped and blocking an intersection, they had probable cause to stop the car.[1]

### 2. The Warrantless Arrest was Based on Probable Cause

The Fourth Amendment permits a police officer to lawfully arrest a person in a public place without a warrant if the officer has probable cause to believe that person is involved in criminal activity.  *United States v. Dickey-Bey*, 393 F.3d 449, 453 (4th Cir. 2004) (citations omitted).  Probable cause justifying an arrest "means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  *Id*. (*quoting Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).  Whether there is probable cause to arrest depends on the totality of the

---

[1] Alternatively, the car stopped in the intersection gave the detectives a "reasonable, articulable suspicion that criminal activity [was] afoot" and thus permitted a *Terry* stop to investigate further. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000); *see also*, *Terry v. Ohio*, 392 U.S. 1, 28-30 (1968). Seeing the gun gave the detectives permission to conduct a frisk and limited search for weapons.  *See United States v. Black*, 525 F.3d 359, 364 (4th Cir. 2008).  The gun found on Gayle was lawfully seized.

circumstances.  *Id*. (*citing Illinois v. Gates*, 462 U.S. 213, 230 (1983)).

Here, Detective Shutt observed Gayle, in the front passenger seat of a car police had lawfully stopped, with a gun in his waistband.  This was a sufficient basis to arrest Gayle for unlawful possession of the gun.[2]

B.  Motion to Suppress Statement

A *Miranda* warning is required before custodial interrogation.  *See Illinois v. Perkins*, 496 U.S. 292, 297 (1990).  Interrogation is "express questioning or its functional equivalent."  *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980).  *Miranda* warnings are not required when a defendant volunteers information or blurts out a statement which is not made in response to "interrogation."  *See id.* at 300; *United States v. Wright*, 991 F.2d 1182, 1186 (4th Cir. 1993).

It is undisputed that Gayle was in custody when he blurted out, "I have it for protection."  But Gayle was not entitled to *Miranda* warnings because this statement was not in response to interrogation; the detectives had not questioned him.  Accordingly, Gayle's statement that he had a gun for his protection is admissible.

---

[2] In Maryland, it is unlawful to wear or carry a firearm without a permit. Md. Code Ann., Crim. Law, § 4-203(a)(1) & (b)(2).  It is also unlawful to transport a firearm in a motor vehicle without a permit.  *Id*.

III. Conclusion

For the reasons stated above, Gayle's motion to suppress was denied.


October 7, 2009                               _____/s/_____
Date                                             William D. Quarles, Jr.
                                                   United States District Judge